```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

Anthony Lamar Wadsworth,        :

    Plaintiff,                  :

       v.                       :       Case No. 2:13-cv-485

                                    :

City of Columbus Police         :       JUDGE MICHAEL H. WATSON
Department,                     :       Magistrate Judge Kemp

    Defendant.                  :

**REPORT AND RECOMMENDATION**

    Plaintiff, Anthony Lamar Wadsworth, who is proceeding <u>pro se</u>, brought this civil rights action against one defendant, which he names as "City of Columbus Police Department." That defendant has moved to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Court will recommend that the motion to dismiss be granted and that Mr. Wadsworth be given 28 days in which to amend his complaint to name a proper defendant.

                        I.  <u>Discussion</u>

    A motion to dismiss under Fed. R. Civ. P 12(b)(6) tests whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Here, Defendant argues that the complaint fails to state a claim for relief because Mr. Wadsworth has sued the City of Columbus Police Department, which has no capacity to be sued.

    It is well established that the "City of Columbus Police Department" lacks the capacity to be sued. <u>Tysinger v. Police</u>

Dep't of City of Zanesville, 463 F.3d 569, 572 (6th Cir. 2006) (citing Johari v. City of Columbus Police Dep't, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002); additional citations omitted).  While some courts have liberally construed pro se plaintiffs' claims against city police departments as being against the city itself, rather than simply dismissing the claims, others have dismissed claims against city police departments on these same grounds.  See, e.g., Mays v. Clancy, 1:12 CV 2596, 2013 WL 444247, *2 (N.D. Ohio Feb. 4, 2013) (construing claims against Parma Heights Police Department as claims against the City of Parma Heights); cf. Neterkeht v. Longworth, 1:12-CV-695, 2013 WL 3776579 (S.D. Ohio July 17, 2013) report and recommendation adopted, 1:12CV695, 2013 WL 4080727 (S.D. Ohio Aug. 13, 2013) (dismissing pro se plaintiff's claims against the City of Cincinnati Police Department).

In light of the recent Court of Appeals decision holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA," LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013), it appears that the best course of action here would be to dismiss the complaint and allow Mr. Wadsworth 28 days to amend his complaint.  He should determine which organizations or individuals he wishes to sue and name them as defendants, and also provide service copies of the amended complaint plus completed Marshal's service forms for each defendant named.

For the foregoing reasons, the Court recommends that Defendant's motion to dismiss be granted and that all claims against the City of Columbus Police Department be dismissed because that party is not a distinct entity or organization which can be sued.  The Court further recommends that Mr. Wadsworth be allowed 28 days to amend his complaint to assert

his claims against one or more proper defendants. If he does not, this case should be dismissed in its entirety.

## II. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge